Burton STALLWOOD, Town
Administrator of the
Town of Lincoln

v.

Jonathan F. OSTER.

No. 00–489–Appeal.

Supreme Court of Rhode Island.

Dec. 22, 2000.

James P. Marusak, Providence.

Roger Ross, Providence, Jonathan Oster; M. Teresa Paiva, Middletown, Thomas A. Hanley, Warwick.

## ORDER

This case came before the Supreme Court on December 21, 2000, for oral argument on a petition in equity in the nature of quo warranto and petitions for writ of prohibition and prerogative injunctive relief, filed by the petitioner, Burton Stallwood (Stallwood or Petitioner), seeking a determination that he is entitled to exercise the powers of the office of Lincoln Town Administrator until the first Tuesday of January, 2001, and that the Respondent, Jonathan F. Oster (Oster or Respondent), who has been duly elected to succeed the petitioner to the office of Lincoln Town Administrator, be restrained and enjoined from assuming the duties of office before January 2, 2001. By order of December 1, 2000, this Court granted a motion to intervene by other elected officials of the Town, members-elect of the Lincoln town council, school committee and water commissioners and issued a temporary stay of the inauguration of officers of the Town of Lincoln. We grant the relief requested by the Petitioner.

After twenty-eight years as Town Administrator, Stallwood was defeated for re-election by Respondent in the election held on November 7, 2000. At that same election, the electors of the town approved an amendment to the town charter of the town of Lincoln "to change the inauguration date of officials of the town from the first Tuesday of December in even-numbered years to the First Tuesday of January in odd-numbered years to coincide with the inaugurations of state officers." Unfortunately the ballot question did not include a date upon which the amendment was to become effective. Shortly after his defeat, the Petitioner wrote to Respondent and expressed his opinion that the charter amendment became effective upon passage, without the necessity of any further action by town officials and was therefore applicable to Respondent's impending inaugural. Respondent disagreed with this interpretation of the effective date of the charter amendment and insisted that he was to assume office on the first Tuesday in December in accordance with the former charter provisions. On November 18, 2000, Stallwood wrote to Lincoln's town solicitor for an "immediate opinion" relative to the effective date of the charter amendment and the question of its applicability to Respondent's inaugural. Unfortunately, the solicitor's response was neither immediate nor timely. On November 29, 2000, six days before the date planned for Respondent's engagement of office, the solicitor opined that he perceived an ambiguity between the language of Council Resolution No. 99–77 in which the town council sought General Assembly enabling authority to submit a charter amendment to the electors and the actual ballot question that was subsequently approved by the voters. However, the solicitor did not explain the ambiguity. The solicitor indicated that, after examining several sources, including the existing charter, P.L.1999, ch. 277, § 1,[1] the enabling act authorizing the pro-

---

1. This Act is also embodied in § 17–1–10 of the General Laws entitled "Lincoln town officials-Inauguration date."

posed amendment and Sections 7 and 8 of Art. 13, the home rule charter amendment to the Rhode Island Constitution, it was his opinion "that under the existing Town Charter the newly elected Administrator has been certified and qualified and appears eligible to be sworn in under the auspices of the existing Charter which calls for the inauguration on Dec[ember] 5, 2000." The solicitor apparently based this decision on the fact that neither the enabling legislation nor the ballot question included a date on which the amendment would become effective and the fact the existing charter provides for a two year term and that a later inaugural date would impermissibly extend Petitioner's term of office. Immediately upon receipt of this opinion from the solicitor, Stallwood filed this petition.

Respondent has argued that this is not an appropriate quo warranto proceeding because Petitioner is not attempting to oust an official from public office but is actually seeking to extend his term of office through an incorrect interpretation of the effective date of the charter amendment. Respondent has also argued that if petitioner prevails in this action, then the charter amendment would be given retrospective effect by extending Petitioner's term of office. We disagree with these contentions.

As an initial matter, we are satisfied that petitioner has appropriately invoked the jurisdiction of this Court through a petition in equity in the nature of quo warranto. Petitioner has resisted ouster from office based upon a vote of the qualified electors of the town of Lincoln, that amended the date of qualification for office by his successor. An equitable action in the nature of quo warranto can be brought to vindicate one's own right to a particular office. Clearly, Petitioner could not, as Respondent has suggested, attempt to clarify the title to office of any other elected official of the town as these claims are

generally asserted by the Attorney General. "[W]here a petitioner seeks permission to file a petition in equity under the statute without the intervention of the attorney general, the primary issue must be the right of the petitioner to the office." *Seemann v. Kinch,* 606 A.2d at 1310 (citing *Black v. Cummings,* 62 R.I. 361, 372–73, 5 A.2d 858, 863 (1939)).

After hearing the arguments of counsel and reviewing the memoranda of the parties, we are of the opinion that the charter amendment, changing the date of the engagement to office of the elected officials of the town of Lincoln became effective on the date of passage and is applicable to the term of the new administrator. Contrary to the argument of Respondent, we are satisfied that the charter amendment results in a prospective application of the amendment and is applicable to *Respondent's* term of office. The term of the administrator begins on the first Tuesday in January in odd-numbered years, in this instance on January 2, 2001. The Petitioner has not sought an impermissible extension of his term; rather, he is a holdover until January 2, 2001, at which time the Respondent is entitled to execute his oath of office. We are not persuaded by Respondent's argument that this amounts to a retrospective lengthening of Petitioner's term of office. The charter amendment merely postpones the date that Respondent takes the oath of office at which point he becomes qualified to serve. In accordance with Section 6–1 of the charter, Petitioner remains the Town Administrator "until his successor is elected and qualified." The term "qualified" is defined as "applied to one who has taken the steps to prepare himself for an appointment or office, as by taking oath, giving bond, etc. * * * ". *Black's Law Dictionary,* 1241 (6th ed.1990). Accordingly, Respondent does not become qualified for office until he executes the oath of office on January 2, 2001, consistent with the provision of the

charter. *See Seemann v. Kinch,* 606 A.2d 1308 (R.I.1992).

Accordingly, we hold that the Petitioner is entitled to hold office until his successor is qualified by undertaking the oath of office on January 2, 2001, in accordance with the recent amendments to the Charter of the Town of Lincoln. This holding applies to all other elected offices, title to which has been raised by the intervenors.